UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADRIAN TISDALE,

Plaintiff,

v.

MOVEMENT MORTGAGE, LLC,

Defendant.

**Civil Action File No.:**

## COMPLAINT

Plaintiff Adrian Tisdale ("Plaintiff" or "Ms. Tisdale") files this Complaint against Defendant Movement Mortgage, LLC ("Defendant" or "Movement Mortgage"), as follows.

## INTRODUCTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter, which arises under federal law.

3.      Venue is proper in this district and division because Defendant resides herein, and the events giving rise to this matter occurred herein.

**PARTIES**

4.      Ms. Tisdale is a resident of Newton County, Georgia.  She submits to the jurisdiction of this Court.

5.      Ms. Tisdale is African-American.

6.      Movement Mortgage is a Delaware limited liability company and is registered to conduct business in the state of Georgia.  Movement Mortgage sells residential home loans throughout the United States.  Movement Mortgage maintains physical locations in 47 states, including within the state of Georgia.

7.      Movement Mortgage's gross annual revenue exceeded $500,000 in 2013, 2014, 2015 and 2016.

8.      Movement Mortgage employed more than 2 individuals engaged in interstate commerce during 2013, 2014, 2015 and 2016.  For example, Movement Mortgage employs hundreds of loan officers in various locations throughout the United States.  Each of these loan officers uses the telephone and internet daily in the performance of their job duties.

9.      Movement Mortgage may be served through its registered agent, National Registered Agents, Inc., at 289 South Culver Street in Lawrenceville, Georgia, 30046.

## FACTS

10.     Ms. Tisdale began employment with Movement Mortgage on October 20, 2015.

11.     Movement Mortgage employed Ms. Tisdale as a Branch Manager of its branch location in Conyers, Georgia.

12.     On or about April 5, 2016, Ms. Tisdale reported to Movement Mortgage's Director of Human Resources that her supervisor, Frank Lee Johnson ("Johnson"), was discriminating against her due to her race.

13.     Specifically, Ms. Tisdale complained that Johnson was (1) moving loans away from her branch to create the appearance of inferior performance for her branch, which he did not do to white Branch Managers; (2) making racially offensive jokes; and (3) forcing Ms. Tisdale to discipline African-American employees for not meeting sales goals, but not white employees with similar performance.

14.     On May 2, 2016, Johnson placed Ms. Tisdale on a Performance Improvement Plan ("PIP").  To support this disciplinary action, Johnson alleged

that from November 2015 to March 2016, Ms. Tisdale failed to meet the company's expectation that she generate at least $500,000 per month in new loans.

15. Johnson supervised at least two other Branch Managers, Priscilla Nieves ("Nieves") and Noah Corin ("Corin").

16. Nieves and Corin did not generate at least $500,000 per month in new loans from November 2015 to March 2016.

17. Nieves and Corin are white.

18. Johnson did not discipline Nieves or Corin for their failure to generate at least $500,000 per month in new loans from November 2015 to March 2016.

19. Ms. Tisdale filed a Charge of Discrimination with the United States Equal Employment Commission ("EEOC") on May 4, 2016. In her charge, Ms. Tisdale alleged that Movement Mortgage violated Title VII by placing her on a PIP due to her race and in retaliation for her complaints of race discrimination. To support her charge, Ms. Tisdale alerted the EEOC of Johnson's favorable treatment of Nieves and Corin.

20. On June 10, 2016, Movement Mortgage terminated Ms. Tisdale for allegedly failing to meet the company's loan production expectation during the period of her PIP.

21.   Nieves and Corin did not generate at least $500,000 in new loans during the period of Ms. Tisdale's PIP.  Movement Mortgage did not discipline Nieves or Corin for failing to meet production goals.

22.   Ms. Tisdale filed a second EEOC charge on June 16, 2016.  In her second charge, Ms. Tisdale alleged that Movement Mortgage violated Title VII by terminating her due to her race and in retaliation for her complaints of race discrimination and her previous EEOC charge.

23.   The EEOC issued Ms. Tisdale a Right to Sue Notice for each of her charges on September 20, 2017.

24.   During her employment with Movement Mortgage, Ms. Tisdale routinely worked more than 40 hours per week.

25.   Movement Mortgage compensated Ms. Tisdale on a commission-only basis, under which Ms. Tisdale's compensation was determined based on the volume of loans she sold.

26.   Movement Mortgage did not provide Ms. Tisdale any overtime compensation for her working hours over 40 per week.

## SUBSTANTIVE CLAIMS

### **Race Discrimination and Retaliation in Violation of Title VII and Section 1981**

27. Title VII and Section 1981 prohibit disciplining or terminating an employee of the basis of race.

28. Title VII and Section 1981 also prohibit disciplining or terminating an employee in response to the employee's complaint of race discrimination.

29. Movement Mortgage violated Title VII and Section 1981 by placing Ms. Tisdale on a PIP due to her race.

30. Movement Mortgage violated Title VII and Section 1981 by terminating Ms. Tisdale due to her race.

31. Movement Mortgage violated Title VII and Section 1981 by placing Ms. Tisdale on a PIP in retaliation for her complaints of race discrimination.

32. Movement Mortgage violated Title VII and Section 1981 by terminating Ms. Tisdale in retaliation for her complaints of race discrimination.

33. Movement Mortgage's violations of Title VII and Section 1981 were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

34.   Movement Mortgage is liable for all damages resulting from its violations of Title VII and Section 1981, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

## Failure to Pay Overtime in Violation of the FLSA

35.   Movement Mortgage violated the FLSA by failing to pay Ms. Tisdale overtime compensation for her working hours over 40 per week.

36.   Movement Mortgage's violation of the FLSA was willful.

37.   Movement Mortgage is liable for all damages resulting from its violation of the FLSA, including unpaid wages and liquidated damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A)      Afford Plaintiff a trial by jury on all issues so triable;

B)      Award Plaintiff all economic damages caused by Defendant's violations of Title VII and Section 1981 described above;

C)      Award Plaintiff compensatory damages for all non-economic injuries suffered by her as a result of Defendant's violations of Title VII and Section 1981 described above;

D)      Award Plaintiff punitive damages to deter future unlawful conduct by Defendant and those similarly-situated;

- 7 -

- 8 -

E)      Award Plaintiff unpaid overtime wages and liquidated damages as permitted by the FLSA;

F)      Deem Plaintiff a prevailing party and award her attorneys' fees and expenses of litigation;

G)      Award Plaintiff pre-judgment and post-judgment interest;

H)      Award Plaintiff such other equitable or monetary relief as the Court deems just and proper.

Respectfully submitted on December 18, 2017.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500
*Counsel for Plaintiff*

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
regan@decaturlegal.com